# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE: | : | Case No. 17-31030 |
| | : | |
| GYPC, INC., | : | Chapter 7 |
| | : | |
| Debtor-In-Possession. | : | Judge Guy R. Humphrey |
| | : | |

**REPLY OF DONALD F. HARKER, III, CHAPTER 7 TRUSTEE TO OMNIBUS OBJECTION OF CHRISTOPHER F. CUMMINGS AND ERIC WEBB TO CHAPTER 7 TRUSTEE'S MOTIONS FOR RULE 2004 EXAMINATIONS OF AND DOCUMENT PRODUCTIONS FROM BRADY WARE & SCHOENFELD, INC. [Doc. 294], CLIFTONLARSONALLEN LLP[Doc. 295], AND RESTRUCTURING ADVISORS, LLC [Doc. 310][Doc. 313]**

Donald F. Harker, III, the appointed Chapter 7 Trustee in this matter, ("Trustee"), by and through counsel, files this Reply to the Omnibus Objection ("Objection") of Christopher F. Cummings ("Cummings") and Eric Webb ("Webb", and together with Cummings, "Cummings/Webb") to the Trustee's Motions for Rule 2004 Exams ("Motions") of: (i) Brady Ware & Schoenfeld, Inc. ("Brady Ware"); (ii) CliftonLarsonAllen LLP ("Carson", and together with Brady Ware, "Estate Professionals"); and (iii) Restructuring Advisors, LLC ("RA"). The Objection is meritless and should be rejected for the reasons set forth herein. In reply to the Objection and support of the Motions, the Trustee states as follows:

**Jurisdiction and Factual Background**

1. This Court has jurisdiction to consider the Motions and Objection pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested in the Motions are 11 U.S.C. § 105(a) and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

1

3. Debtor filed for relief under Chapter 11 on March 30, 2017. The case was converted to a Chapter 7 on August 16, 2019. The Trustee was appointed on August 20, 2019.

4. The Debtor apparently tried to convert its tax status shortly (within 60 days) before the filing of the Chapter 11 petition.  On February 1, 2017, the Debtor tried to shift from a Subchapter "S" corporation to a "C" corporation on the purported grounds that a shareholder of the Debtor was ineligible to remain as a Subchapter "S" shareholder.  This information is from the Federal 2017 Tax Return ("2017 Return") filed by the Debtor.  It appears that, while the Debtor tried to do this, it may have not been successful.  The effect of converting from a Subchapter "S" corporation to a "C" corporation is to shift the income tax liability from the individual shareholders to the corporation.  The income tax liability is then an obligation of the corporation.  In this case, the shift of that liability could (if done correctly and properly) deprive the unsecured creditors of any return in the Chapter 7 case.  Due to a substantial transaction and other actions taken by the Debtor, pre-petition, there were large income tax events which occurred before the Chapter 11 case was filed.  If the Internal Revenue Service was to seek payment of the income tax as a priority claim then it would consume all of the substantial resources held by the Trustee after payment of the Chapter 7 and Chapter 11 administrative expenses.  The issues surrounding the Trustee's investigation are referred to herein as the "Tax Status Questions"

5. Both Brady Ware and Carson (large accounting firms) were appointed as Estate Professionals to assist the Debtor in preparing its tax returns.  Carson was first retained in the Chapter 11 case and Brady Ware replaced it later in the Chapter 11 case. The Trustee is unaware of the reason for the change.  Both Brady Ware and Carson filed applications for compensation which were approved by this court.

6. The SOFA indicates that RA provided services to the Debtor on a prepetition basis in February and March, 2017 which totaled $62,542.34 (Question 11.1, Part 6). It is unknown to the Trustee what services were rendered by Restructuring Advisors, LLC during the 60 days preceding the filing of the Chapter 11. However, those services were rendered about the same time as the Debtor was attempting to convert its tax status. The Trustee needs to understand whether RA was involved in the decision to convert the tax status.

7. The Trustee is shocked that the Objection seeks to block the Trustee from obtaining records and testimony from Estate Professionals! In some respects, the Trustee should not have to go through the process of taking a 2004 exam of the Estate Professionals but rather they should supply to him the information he seeks. The Trustee has chosen to file his Motions regarding the Estate Professionals and deliver to them a subpoena so that they provide the information to the Trustee as provided by law. The Trustee understands that the Estate Professionals may have qualms about handing over financial material without the protection of a subpoena so he chose to provide that protection through his Motions.

8. Based on the above, it is clear that it is the Trustee's duty to investigate the Tax Status Questions. The importance of this to the unsecured creditors cannot be understated. The Trustee must also determine whether he files tax returns for the estate for the Debtor as a Subchapter "S" corporation or a "C" corporation. The Trustee must also determine whether he should amend any prior tax returns. The Trustee is unable to do his job without the necessary information.

9. The Objection claims the Trustee is seeking through the Motions to subvert the issues being addressed in the two adversary proceedings ("Adversary Proceedings") involving the Trustee's claims against Cummings/Webb. Nothing could be further from the truth.

Regardless of what role, if any, that Cummings/Webb played in the Tax Status Questions, the Trustee has an independent duty to the unsecured creditors to determine what occurred. It is possible (although not likely) that the Trustee could not succeed in the two Adversary Proceedings against Cummins/Webb. If that were the case the Trustee would still need the Motions to determine the Tax Status Questions. The Objection claims that the Trustee does not have viable claims against Cummings/Webb. The Trustee denies that assertion but it is irrelevant to his need for the information.

10. It is true that the Trustee filed similar motions in the two Adversary Proceedings. The Trustee is entitled to know what role Cummings/Webb played in the Tax Status Questions and the issues of the Trustee's claims have been briefed in the Adversary Proceedings. The inquiry regarding the instant Motions is much broader than whether there are viable claims regarding Cummings/Webb. As the Trustee pointed out above, the success or failure of the Adversary Proceedings is irrelevant to his need for information regarding the Tax Status Questions.

## Law and Argument

Bankruptcy courts have broad discretion in determining whether to order a 2004 examination. *Bank One, Columbus NA v. Hammond (In re Hammond),* 140 B.R. 197, 201 (S.D.Ohio 1992). Against this standard, Cummings/Webb have requested that the Court deny the Motions. The sole basis for their Objection is premised upon the fact that the Trustee has instituted the Adversary Proceedings that pertains to the information sought by virtue of the Motions. The Trustee acknowledges the existence of the "pending proceeding rule" that the Objection asserts. However, the Trustee submits this rule has no application to the matter before the Court.

Every well-crafted rule has an exception. The "pending proceeding rule" is no different. The following passage from *In re Buick*, 174 BR 299, 305 (Bankr. D. Col. 1994) is instructive of the relevant exception applicable to this matter:

> To analyze whether, after the trustee has filed adversary proceeding(s), a party in interest, including a creditor, may conduct Rule 2004 examinations, this Court should first address the discovery limitations imposed on a trustee, once the trustee has filed adversary proceeding(s). Once the trustee has filed adversary proceeding(s), the trustee is no longer entitled to conduct Rule 2004 examinations regarding issues within the scope of the pending adversary proceeding(s). Instead, the trustee is limited to discovery procedures pursuant to the Federal Rules of Civil Procedure. *In re Blinder, Robinson & Co., Inc.,* 127 B.R. 267 (D.Colo.1991).
>
> However, this limitation on Rule 2004 examinations only applies to entities affected by the adversary proceeding. As stated in *Blinder, Robinson,* "[e]ntities not affected by the adversary proceeding do not require the greater protections afforded under the Federal Rules, and the trustee should be permitted to examine them under Rule 2004." *Id., at 275*. Thus, even after the trustee has commenced adversary proceeding(s), the trustee may conduct Rule 2004 examinations of entities which are not parties to or are not affected by the pending adversary proceeding(s).

The Trustee is seeking financial information from the Estate Professionals and RA. The Objection does not argue that the Trustee is not entitled to the information or that the information sought is outside the bounds of Rule 2004; only a procedural issue has been raised. The Estate Professionals and RA are not named as defendants in the Adversary Proceedings nor can they argue that they could be affected by the pending Adversary Proceedings. They are merely being asked to provide financial information germane to the Trustee discharging his fiduciary responsibilities in the context of this bankruptcy.

This result is consistent with the policy behind the "pending proceeding rule." Specifically, this rule is premised upon the fear that the looser nature of a Rule 2004 examination will provide fertile grounds for abuse without the protections afforded by the federal rules governing discovery incorporated into Rules 7026-7037. This concern is unfounded in the

5

context of a third party providing documentation, thus the exception to the rule applicable in this context as set forth above.

There are courts that have interpreted *Buick* to allow Rule 2004 examinations only in the context where parties or issues do not overlap with the pending adversary proceeding. *See, for example, In re Bennett Funding Group, Inc.*, 203 B.R. 24, 29 (Bankr. N.D. NY 1996). Even using this more expansive test, the result is the same, as the Trustee has explicitly identified the issues sought to be explored through the Rule 2004 examinations and those are dissimilar to the issues being litigated in the Adversary Proceedings. Therefore, the Rule 2004 examinations should proceed notwithstanding the Adversary Proceedings that do not involve the parties or issues implicated by the Rule 2004 examinations requested.

Finally, the majority of the cases cited in the Objection in support of their position pertain to efforts by a party involved in an adversary proceeding against another seeking to conduct a Rule 2004 examination as to that party. That is not the case here. The Trustee is not seeking a Rule 2004 examination of either Cummings or Webb. The Motions seeks documentation from third parties. Again, this dynamic is outside of the rationale for the "pending proceeding rule," fits squarely within the exception and allows the Court to utilize its broad discretion in this context to order the examination.

WHEREFORE, the Trustee respectfully requests that this Court grant the Motions and reject the Objection and grant the Trustee all other relief to which he is entitled.

.

Respectfully submitted,

*/s/ J. Michael Debbeler*
J. Michael Debbeler (0012991)
Jeffrey M. Hendricks (0066889)
*Attorneys for Trustee*
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 621-6464
Fax:     (513) 651-3836
Email: mdebbeler@graydon.law
            jhendricks@graydon.law

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2020 a copy of the foregoing **REPLY OF DONALD F. HARKER, III, CHAPTER 7 TRUSTEE TO OMNIBUS OBJECTION OF CHRISTOPHER F. CUMMINGS AND ERIC WEBB TO CHAPTER 7 TRUSTEE'S MOTIONS FOR RULE 2004 EXAMINATIONS OF AND DOCUMENT PRODUCTIONS FROM BRADY WARE & SCHOENFELD, INC. [Doc. 294], CLIFTONLARSONALLEN LLP[Doc. 295], AND RESTRUCTURING ADVISORS, LLC [Doc. 310][Doc. 313]** was filed electronically. Pursuant to this Court's *Order Granting Motion of Trustee for an Order Regulating and Limiting All Futures Notices in this Case* [Doc. 244], entered herein on November 8, 2019, notice of this filing will be sent to the parties indicated on the attached Noticing List at the end of this document (attached to the *Order* [Doc. 244] as Exhibit A) in the manner described therein.

7

I further certify that on June 17, 2020, pursuant to paragraphs 1-5 of the *Order* [Doc 244], a copy of the foregoing **REPLY OF DONALD F. HARKER, III, CHAPTER 7 TRUSTEE TO OMNIBUS OBJECTION OF CHRISTOPHER F. CUMMINGS AND ERIC WEBB TO CHAPTER 7 TRUSTEE'S MOTIONS FOR RULE 2004 EXAMINATIONS OF AND DOCUMENT PRODUCTIONS FROM BRADY WARE & SCHOENFELD, INC. [Doc. 294], CLIFTONLARSONALLEN LLP[Doc. 295], AND RESTRUCTURING ADVISORS, LLC [Doc. 310][Doc. 313]** was sent via regular U.S. Mail, postage prepaid to the following:

Jennifer Vann
8970 Claude Martin Dr.
Gainesville, GA 30506
[POC 34]

Michael L. Meyer, Esq.
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
[DOC No. 269, 270]

Restructuring Advisors, LLC
720 Brixworth Blvd., Suite 200
Knoxville, TN 37934-4773

Brady, Ware, & Schoenfeld, Inc.
3601 Rigby Road, Suite 400
Dayton, OH 45342

CliftonLarsonAllen LLP
c/o CT Corporation System, Registered Agent
4400 Easton Commons #125
Columbus, OH 43219

                */s/ J. Michael Debbeler*
                J. Michael Debbeler (0012991)

10351087.1