**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: | Case No. 17-31030 |
| GYPC, INC., | Chapter 7 |
| Debtor-in-Possession. | Judge Guy R. Humphrey |

**SURREPLY OF CHRISTOPHER F. CUMMINGS AND ERIC WEBB IN SUPPORT OF THEIR OMNIBUS OBJECTION TO CHAPTER 7 TRUSTEE'S MOTIONS FOR RULE 2004 EXAMINATIONS OF AND DOCUMENT PRODUCTIONS FROM BRADY WARE & SCHOENFELD, INC. [Doc. 294], CLIFTONLARSONALLEN LLP [Doc. 295], AND RESTRUCTURING ADVISORS, LLC [Doc. 310]**

Christopher F. Cummings ("Cummings") and Eric Webb ("Webb") for their Surreply in Support of their Omnibus Objection to the Motions of Donald F. Harker, III, Chapter 7 Trustee ("Trustee") for Rule 2004 Examinations of, and document productions from, Brady Ware & Schoenfeld, Inc., [Doc. 294], CliftonLarsonAllen LLP, [Doc. 295], and Restructuring Advisors, LLC, [Doc. 310], (collectively the "Rule 2004 Motions"), state as follows:

**I.  Once an Adversary Proceeding Has Begun, a Trustee Cannot Conduct a Rule 2004 Examination to Acquire Evidence Related to that Adversary Proceeding.**

A trustee cannot conduct a Rule 2004 examination to acquire evidence related to a pending adversary proceeding. *See, e.g.*, *In re Martelli*, Case Nos. 16-20983, 16-20316, 16-20968, 2017 WL 3098105, at *4 (Bankr. W.D.N.Y. July 20, 2017); *In re Ramadan*, No. 11-02734-8-SWH, 2012 WL 1230272, at *3 (Bankr. E.D.N.C. Apr. 12, 2012); *In re Washington Mut., Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009). Under the "pending proceeding rule," the use of Rule 2004 is improper "once an adversary proceeding or contested matter has been commenced." *In re Bennett Funding Grp.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). Trustee admits he is well aware of this

27406501.2

rule but nonetheless continues to pursue his Rule 2004 Motions and raises several new arguments in his Reply. None hold water.

A.    **Trustee's attempt to use the Rule 2004 examinations to investigate whether a conversion in tax status "deprive[d] the unsecured creditors of any return in the Chapter 7 case" is an attempt to acquire evidence in the adversary proceedings.**

Trustee contends, for the first time in his Reply, that he needs to conduct Rule 2004 examinations of Brady Ware & Schoenfeld, Inc. and CliftonLarsonAllen LLP because he needs to investigate a purported attempt to convert the Debtor's tax status from a Subchapter "S" to a Subchapter "C" corporation. Trustee further claims that the effect of such a conversion would be to "shift the income tax liability from the individual shareholders to the corporation" and "deprive the unsecured creditors of any return in the Chapter 7 case." Doc. 315, ¶ 4. Yet that is exactly what the Trustee is attempting to investigate in the adversary proceedings against Cummings and Webb. One of his newly filed preference claims against Cummings and Webb is based specifically on that alleged tax status conversion. *See* Cummings Adversary, 3:19-ap-03046, Doc. 53, ¶¶ 30-31; Webb Adversary, 3:19-ap-03047, Doc. 54, ¶¶ 30-31. And, Trustee served subpoenas on Brady Ware & Schoenfeld, Inc. and CliftonLarsonAllen LLP in the adversary proceedings that are identical to the scope of the Rule 2004 Motions. *Compare* Docs. 294 & 295 *with* Cummings AP, Doc. 51 and Webb AP, Doc. 52. The information sought in the Rule 2004 Motions is unmistakably related to the claims in the adversary proceedings. And, Trustee's attempt to characterize his Rule 2004 Motions as necessary to obtain information required to file tax returns on behalf of the Estate is at best, disingenuous. If Trustee needs information necessary to file the tax return, he can simply identify that information and ask the Debtor's directors for it. The Rule 2004 Motions are unnecessary and improper.[1]

---

[1] For the first time in his Reply, Trustee also suggests that he filed the 2004 Motions and served subpoenas on Brady Ware & Schoenfeld, Inc. and CliftonLarsonAllen LLP because he wanted to

2

**B.      Trustee's inquiry about Restructuring Advisors, LLC's potential involvement in the tax status conversion is also duplicative of the adversary proceedings.**

In the adversary proceeding against Webb, Trustee alleges that Webb received avoidable transfers from the Debtor through Restructuring Advisors, LLC. Webb AP, Doc. 54, ¶ 36. Trustee sought a Rule 2004 examination of Restructuring Advisors, LLC because he claimed a need to know what services it provided to Debtor. Doc. 310, ¶ 5.[2] Now, Trustee claims a need to know whether Restructuring Advisors was involved in Debtor's decision to convert its tax status. Reply, Doc. 315, ¶ 6. Not only does Trustee change the basis for his Rule 2004 Motion, but he continues to ignore that even if this new basis were a legitimate reason to seek the 2004 examination (it is not), that information sought would still relate directly to the claims the Trustee has alleged in the adversary proceedings regarding the alleged avoidable "transfer" of tax liability. Trustee's midstream change of his basis for seeking an examination of Restructuring Advisors is still a violation of the discovery rules.

**C.      Trustee mischaracterizes the scope and application of the "pending proceeding rule."**

Trustee is well aware that his efforts to conduct these Rule 2004 examinations are an improper end-run around the pending proceeding rule. Yet Trustee contends that the rule has no application here because the discovery is not directed at the defendants in the adversary proceedings. Doc. 315, pp. 6-7. Trustee relies on *In re Buick*, 174 B.R. 299 (Bankr. D. Col 1994), to support his argument, but in the same instance directly acknowledges that *Buick* permits 2004

---

assuage any qualms those entities might have in turning over financial material needed to file tax returns without a court order or protection of a subpoena. Reply, Doc. 315, ¶ 7. Again, Trustee is abusing the process. All he must do is identify exactly what information he needs to file the tax returns and it can be provided.

[2] The Rule 2004 Motion as to Restructuring Advisors is identical to Trustee's other Rule 2004 motions, and the documents Trustee seeks are identical to those he seeks through the improper subpoenas in the adversary proceedings. *Compare* Doc. 310, pp. 5–11 *with* Cummings AP, Doc. 51, pp. 18–25; Webb AP, Doc. 52, pp 18–25.]

3

examinations only where parties or issues do not overlap with adversary proceedings. Since *Buick*, however, courts have recognized that the relevant question is whether the Rule 2004 examination seeks information *relevant* to the adversary proceeding, no matter who the subject of the Rule 2004 examination is. In *In re Bennett Funding Group*, for example, the court articulated this unconditional principle: "Discovery of evidence *related* to the pending proceeding must be accomplished in accord with more restrictive provisions of [the Federal Rules of Bankruptcy Procedure] . . . while *unrelated* discovery should not be subject to those rules because there is an adversary proceeding pending." 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996) (emphasis in original). So when a related adversary proceeding is pending, "a trustee, like a creditor, must look to Fed.R.Bankr.P. 7026 et seq. . . . for discovery as to both *entities affected by the proceeding* and *issues addressed in the proceeding*." *Id.* at 28 (emphasis added). Here, there is no question that issues in the adversary proceeding overlap with the issues identified in the Rule 2004 motions. A comparison of the subpoenas Trustee served on Brady Ware & Schoenfeld, Inc. and CliftonLarsonAllen LLP in the adversary proceeding with the Rule 2004 Motions is all that is necessary to show that overlap.[3]

---

[3] Trustee claims that his Rule 2004 motions, at least as to the tax status conversion question, will be necessary regardless of the outcome of the adversary proceedings. Doc. 315, ¶ 10. But that is not a reason to allow the 2004 examinations to proceed now. *See In re Continental Capital Inv. Services, Inc.*, No. ADV P 03-3370, 2009 WL 1604703, at *2 (Bankr. N.D. Ohio Mar. 6, 2009) (Court denied Rule 2004 examinations because there was "no meaningful way to differentiate whether and to what extent documents requested in the three subpoenas would not relate to the allegations in the SLK adversary complaint."). The *Continental Capital* court later allowed a limited 2004 examination after discovery had been conducted in the adversary proceeding and certain documents sought in the 2004 Motion were deemed irrelevant and unrelated to the adversary proceeding. Here, even if the Trustee may ultimately be entitled to discover information through his 2004 examinations that is truly unrelated to the issues in the Webb and Cummings adversary proceedings, the Court has no meaningful way at present to make that determination and should, at minimum, err on the side of caution and deny the Rule 2004 Motions.

Trustee took the affirmative position in the adversary proceedings that the information he sought through his subpoenas was "relevant to [his] claim" against Cummings and Webb. Fed. R. Civ. P. 26(b)(1). Trustee cannot now pretend that his Rule 2004 examinations on the *same entities*, seeking the *same information*, seek information irrelevant and unrelated to the issues in the adversary proceedings. Trustee's "crafty use of the rule [has] veered sufficiently across the line to run counter to the spirit and purpose of the rule it purported to use." *See In re Ramadan* at *4 (reversing prior order granting Rule 2004 motion).

## II. Conclusion

For the reasons stated herein and in the Omnibus Objection filed by Cummings and Webb, Trustee's Rule 2004 Motions should be denied.

Dated: June 22, 2020

Respectfully submitted,

*/s/ W. Timothy Miller*
W. Timothy Miller (Ohio Bar # 0059952)
Michael L. Meyer (Ohio Bar # 0093190)
TAFT STETTINIUS & HOLLISTER, LLP
425 Walnut St., Ste 1800
Cincinnati, OH 45202
(513) 357-9452
miller@taftlaw.com
mmeyer@taftlaw.com

-and-

Alfred Weisbrod (Ohio Bar # 0031240)
111 W. First Street
Dayton, Ohio 45402

*Attorneys for Christopher F. Cummings and Eric Webb*

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 22, 2020 a copy of the foregoing Surreply of Christopher F. Cummings and Eric Webb in Support of their Omnibus Objection to Chapter 7 Trustee's Motions for Rule 2004 Examinations of and Document Productions from Brady Ware & Schoenfeld, Inc. [Doc. 294], CliftonLarsonAllen LLP [Doc. 295], and Restructuring Advisors, LLC [Doc. 310] was filed electronically.  Notice of this filing will be sent to the parties indicated on the attached Noticing List at the end of this document in the manner described therein.

       I further certify that on June 22, 2020, a copy of the foregoing Surreply of Christopher F. Cummings and Eric Webb in Support of their Omnibus Objection to Chapter 7 Trustee's Motions for Rule 2004 Examinations of and Document Productions from Brady Ware & Schoenfeld, Inc. [Doc. 294], CliftonLarsonAllen LLP [Doc. 295], and Restructuring Advisors, LLC [Doc. 310] was sent via regular U.S. Mail, postage prepaid to the following:

Jennifer Vann
8970 Claude Martin Dr.
Gainesville, GA  30506
[POC 34]

Brady Ware, & Schoenfeld, Inc.
3601 Rigby Road, Suite 400
Dayton, OH  45342

CliftonLarsonAllen LLP
c/o CT Corporation System, Registered Agent
4400 Easton Commons #125
Columbus, OH  43219

Restructuring Advisors, LLC
720 Brixworth Blvd., Suite 200
Knoxville, TN  37934-4773


                                            */s/ W. Timothy Miller*

27406501.2