**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: January 9, 2023**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-31030 |
| | ) | |
| GYPC, Inc., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Guy R. Humphrey |
| | ) | |

**AGREED ORDER ESTABLISHING ADMINISTRATIVE CLAIM, ESTABLISHING PROCEDURES FOR SEEKING DISGORGEMENT REMEDY, AND AUTHORIZING INTERIM DISTRIBUTION IN
<u>CONTESTED MATTER [Doc. 498]</u>**

This matter is before the Court pursuant to the agreement of Donald F. Harker, III, ("Trustee"), Christopher F. Cummings ("Cummings"), Eric Webb ("Webb") (Webb and Cummings shall collectively be defined as the "Shareholders"), and United States of America, on behalf of the Internal Revenue Service ("IRS") regarding the following contested matter:

- The contested matter initiated by the United States of America, on behalf of the Internal Revenue Service**,** through the filing of its Motion for Allowance and Full Payment of its Administrative Expense (Claim No. 35) [Doc. No. 498], the Trustee's objection thereto [Doc. No. 500] and Cummings and Webb's Reply [Doc. 573] (the ***"IRS Contested Matter")***.

Trustee, Cummings, Webb, and the IRS (collectively, the "Parties") advise the Court that they have conferred and reached a settlement in the IRS Contested Matter. As such, for good cause shown and with the agreement of the Parties, it is hereby **ORDERED** that:

1. The Chapter 11 administrative claim of the IRS (Claim No. 35) is hereby allowed as an administrative expense under 11 U.S.C. §§ 503(b)(1) and 507(a)(2) in the amount of $7,206,098.05, as of March 11, 2022, with statutory additions from and after March 11, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622.

2. The above referenced Chapter 11 administrative claim arises from the Form 1120 filed by the Debtor In Possession for the period from February 1, 2017 through December 31, 2017 as a Subchapter C Corporation and the Form 1120 filed by the Debtor In Possession for the tax year 2018 as a Subchapter C Corporation.

3. Since there appears to be an administrative insolvency at the Chapter 11 level for purposes of 11 U.S.C. § 726(b), the Trustee and the IRS agree that the Trustee shall seek disgorgement from other previously allowed and paid Chapter 11 administrative claimants ("Claimants") seeking to recover $115,000.00 ("Agreed Amount"), on a pro rata basis, either through settlement or the filing of a disgorgement motion. Upon collection of said Agreed Amount, the Trustee shall pay said Agreed Amount to the IRS as provided below. At any time, the Trustee may elect to have the IRS pursue disgorgement from the Claimants, and, if the Trustee so elects then the IRS may recover from said Claimants the full amount paid to said Claimants and shall be paid on a pro rata basis taking into account the amount of all allowed Chapter 11 administrative claims ("Alternate Recovery"). It is provided nevertheless, if the Trustee settles with a Claimant and is paid back by the Claimant a pro-rata amount of the $115,000 as disgorgement, such disgorgement shall be final and no further full disgorgement of such Claimant shall be allowed.

4. The Trustee is entitled to make, and is directed to make, an interim distribution to the IRS on account of its allowed Chapter 11 administrative claim in the sum of $585,000.00 ("Base Amount" - upon the receipt by the Trustee of sufficient funds from the proposed settlement with the Shareholders) plus the (i) Agreed Amount to be recovered from disgorgement sought by the Trustee, for a total of $700,000.00 or (ii) if the Trustee elects to allow the IRS to pursue disgorgement then the IRS shall receive the Alternate Recovery. Any payments to the IRS made pursuant to this paragraph shall not be subject to disgorgement or 11 U.S.C. §§ 506(c) or 724(b) and are without prejudice to the IRS receiving future distributions under 11 U.S.C. § 726 should the bankruptcy estate receive additional funds or as provided below.

2

5. The Base Amount is to be paid from (i) the Trustee's funds on hand as of September 30, 2022 of $342,798.12; (ii) the $375,000.00 to be paid by the Shareholders pursuant to the terms and conditions of the Trustee's separate settlement with the Shareholders following Court approval of such settlement; and (iii) the $95,000.00 from the Eastport settlement. After payment of the Base Amount from these funds, and the payment of approximately $140,000.00 of pending allowable Chapter 7 administrative expense claims, the Trustee will have on hand the approximate sum of $87,798.12 ("Remainder"). The Remainder shall be used exclusively for future allowable Chapter 7 administrative claims in this case. To the extent that the Remainder contains a balance after payment of all future allowable Chapter 7 administrative claims in this case, the balance shall be distributed according to 11 U.S.C. § 726.

6. The Trustee shall pursue the Konica Minolta Business Solutions, LLC adversary proceeding (Ad. Pro. 20-3002) and litigate or resolve it based on his business judgment. The Trustee may seek to compensate his counsel from any proceeds derived from a settlement or collected judgment and the IRS reserves its rights to review any such proposed compensation based on the reasonableness thereof and object thereto on such grounds. Any funds received in the future on account of this adversary proceeding will be treated as additional funds received by the estate and distributed in accordance with 11 U.S.C. § 726.

**IT IS SO ORDERED.**

**AGREED:**

*/s/W. Timothy Miller per JMD*
W. Timothy Miller (0059952)
Aaron M. Herzig (0079371)
Spencer S. Cowan (0099556)
TAFT STETTINIUS & HOLLISTER, LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 357-9452
Fax: (513) 381-0205
miller@taftlaw.com
aherzig@taftlaw.com
scowan@taftlaw.com

and

Alfred Weisbrod (0031240)
111 W. First Street
Dayton, Ohio 45402

*Counsel for Christopher F. Cummings and Eric Webb*


*/s/J. Michael Debbeler*
J. Michael Debbeler (0012991)
Jeffrey M. Hendricks (0066889)
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 621-6464
Fax: (513) 651-3836
mdebbeler@graydon.law
jhendricks@graydon.law

*Counsel for Trustee*

*/s/Philip L. Bednar per JMD*
Philip L. Bednar
Trial Attorney, Tax Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 55
Washington D.C. 20044
Phone: (202) 307-6415
Fax: (202) 514-5238
Philip.L.Bednar@usdoj.gov
WA Bar No.41304

*Counsel for United States of America*


*Copies to Default List*


12516443.1